UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROGER HALL						:
8715 First Avenue					:
Apt. 1131C						:
Silver Spring, MD 20910				:
							:
	and						:
							:
STUDIES SOLUTIONS RESULTS, INC.		:	CASE NUMBER 1:04CV00814
8715 First Avenue					:	JUDGE: Henry H. Kennedy
Apt. 1131C						:	DECK TYPE: FOIA/Privacy Act
Silver Spring, MD 20910				:	DATE STAMP: 05/19/2004
							:
	and						:
							:
ACCURACY IN MEDIA					:
4455 Connecticut Avenue, NW			:
Suite 330						:
Washington, D.C. 20008				:
							:
	Plaintiff					:
							:
v.							:
							:
CENTRAL INTELLIGENCE AGENCY,			:
Washington, D.C. 20505				:
							:
	Defendant					:

**COMPLAINT FOR INJUNCTIVE RELIEF**

(Freedom of Information Act, 5 U.S.C. § 552, **as amended**)

**JURISDICTION AND PARTIES**

1.  Plaintiff ROGER HALL ("Hall") brings this action under the Freedom of Information Act ("the FOIA"), 5 U.S.C. § 552, **as amended**.

2.  Hall is a free-lance researchers who has been working on his own and with families of American Prisoners of War and Missing in Action ("POWs/MIAs") and other interested organizations to locate information concerning their whereabouts and status. He

2

disseminates the information he obtains to a variety of media which disseminate the information he obtains, such as the National Vietnam Veterans Coalition Magazine, the Marine Corps League POW/MIA Affairs Newsletter and Information Report. He also sends out email newsletters on POW matters to various organizations such as Rolling Pride, Vietnow, and Pride of Illinois.

3. Plaintiff STUDIES SOLUTIONS RESULTS, INC. is a private company incorporated in Maryland which regularly disseminates information concerning POWs and MIAs to other organizations which further disseminate such information.

4. Plaintiff ACCURACY IN MEDIA ("AIM") is a nonprofit citizens watchdog of the news media duly organized and existing under the laws of the District of Columbia

5. Defendant CENTRAL INTELLIGENCE AGENCY ("CIA"), is an agency of the United States and has possession and control of records requested by Hall which are the subject of this action.

**FIRST CAUSE OF ACTION--FEBRUARY 7, 2003 REQUEST FOR RECORDS**

6. By letter dated February 7, 2003, plaintiffs requested the following categories of records:

A. Southeast Asia POW/MIAs (civilian or military) and detainees, who have not re- turned, or whose remains have not been returned, to the United States, regardless of whether they are currently held in prisoner status, and regardless of whether they were sent out of Southeast Asia.

B.   POW/MIAs sent out of Southeast Asia (for example, to China, Cuban, North Korea. Russia).

C.   Prepared by and/or assembled by the CIA between January 1, 1960 and December 31, 2002, relating to the status of any United States POWs or MIAs in Laos, including but not limited to any reports, memoranda, letters, notes or other documents prepared by Mr. Horgan or any other officer, agent or employee of the CIA for the Joint Chiefs of Staff, the President, or any federal agency.

D.   Records of the Senate Select Committee on POW/MIA Affairs which were withdrawn from the collection at the National Archives and returned to the CIA for processing.

E.   Records relating to 47 individuals who allegedly are Vietnam era POW/MIAs, and whose next-of-kin have provided privacy waivers to Roger Hall, see Attachment 1 hereto, and those persons who are on the Prisoner of War/Missing Personnel Office's list of persons whose primary next-of-kin (PNOK) have authorized the release of information concerning them (Attachment 2).

F.   All records on or pertaining to any search conducted for documents responsive to Roger Hall's requests dated January 5, 1994, February 7, 1994, and April 23, 1998, including but not limited to all instructions and descriptions of searches to be undertaken by any component of the CIA and all responses thereto, and all records pertaining to the assessment of fees in connection therewith, including but not limited to any itemizations or other records reflecting the time spent on each search, the rate charged

for the search, the date and duration and kind of search performed, etc.

G. All records on or pertaining to any search conducted regarding any other requests for records pertaining to Vietnam War POW/MIAs, including any search for such records conducted in response to any request by any Congressional Committee or executive branch agency. See Exhibit 1.

7. The CIA received plaintiffs' February 7, 2003 request on February 15, 2003.

8. Plaintiffs have received no determination of their February 7, 2003 request.

9. Plaintiffs have exhausted their administrative remedies.

10. Plaintiffs have a statutory right to the records they seek, and there is no legal basis for the CIA's refusal to disclose them.

## SECOND CAUSE OF ACTION--NEWS MEDIA STATUS

11. Plaintiffs reallege the allegations set forth in paragraphs 1-5 and 9-10 above.

12. In their February 7, 2003 letter to the CIA, plaintiffs represented that they are each entitled to status as representatives of the news media pursuant to 5 U.S.C. § 552(A)(4)(A)(ii)(II). Id.

13. The CIA has made no determination of plaintiffs' entitlement to status as representatives of the news media.

5

## **THIRD CAUSE OF ACTION--PUBLIC INTEREST FEE WAIVER**

14. Plaintiffs reallege the allegations set forth in paragraphs 1-5 and 9-10 above.

15. In their February 7, 2003 letter to the CIA, plaintiffs represented that they are entitled to a public interest fee waiver. <u>Id</u>.

16. The CIA has made no determination of plaintiffs' entitlement to status as representatives of the news media.

HEREFORE, plaintiffs pray that this Court:

(1) order defendant to make the requested information promptly available to them;

(2) order defendant to grant plaintiffs status as representatives of the news media pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II);

(3) order defendant to grant them a complete waiver of copying fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii);

(4) order defendant to conduct a thorough search for all responsive records;

(5) order defendant to provide a <u>Vaughn</u> index inventorying all responsive records and itemizing and justifying withholdings challenged by plaintiffs;

(6) order defendant to promptly provide all nonexempt documents or portions of documents which were referred to other government agencies;

6

(7) expedite this action in every way pursuant to 28 U.S.C. § 1657(a);

(8) award plaintiffs reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d); and

(9) grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

MAY 19, 2004

_/s/ James H. Lesar_
James H. Lesar #114413
1003 K Street, N.W.
Suite 640
Washington, D.C. 20001
Phone: (202) 393-1921

_/s/ Mark S. Zaid_
Mark S. Zaid #440532
1747 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C. 20006
Phone: (202) 454-2809

Counsel for Plaintiffs Roger Hall and Studies Solutions Results, Inc.

_/s/ John H. Clarke_
John H. Clarke #388599
4211 Queensbury Road
Hyatsville, MD 20781
Phone: (202) 332-3030

Counsel for Accuracy in Media, Inc.