UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROGER HALL, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 04-814 (HHK/JMF) |
| CENTRAL INTELLIGENCE AGENCY, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's Motion to Strike, In Part, Plaintiff Hall's Declaration ("Motion"), which was referred to me for resolution by Judge Henry K. Kennedy, Jr. For the reasons stated below, the Motion will be granted.

**I.  Background**

The parties to this Freedom of Information ("FOIA") case have filed cross-motions for summary judgment. See Defendant's Motion to Dismiss and for Partial Summary Judgment ("Def. Mot."); Cross-Motion of Plaintiffs Roger Hall ("Hall") and Studies Solutions Results, Inc. ("SSRI") for Partial Summary Judgment, and Other Relief ("Cross-Motion"); Plaintiff Accuracy in Media's Opposition to Defendant's Motions to Dismiss and for Partial Summary Judgment, and Cross-Motion for Partial Summary Judgment.

### A. The Hall Declaration

Plaintiffs Hall and SSRI[1] submitted and rely upon a declaration by Hall (the "Declaration," or "Decl.") as part of their Cross-Motion. The purpose of the Declaration is to support plaintiffs' assertion that defendant has not undertaken an adequate search and production in response to their FOIA request.

The Declaration is essentially a laundry list of historical events alleged by Hall to have occurred, and to which no related documents have been produced by defendant. Some of the statements in the Declaration recount what was told to Hall in interviews and conversations with third parties, see, e.g., Decl. at ¶ 10 ("Admiral Elmo Zumwalt revealed to me in a conversation I had with him . . ."), others are descriptions by Hall of documents, see, e.g., id. at ¶ 31 ("In the declassified portion of his testimony, Admiral Inman confirms . . ."), and others are conclusory statements of fact or opinion, see, e.g., id. at ¶ 19 ("It is known that the CIA had certain guards on the payroll . . ."); id. at ¶ 32 ("While the identity of the agency which created these documents is not apparent, I believe they were either created by the CIA or based in substantial part on information provided by the CIA.").

### B. Defendant's Motion to Strike

Defendant moves to strike the Declaration on the basis that, in violation of Rule 56(e), much of its content is hearsay, not based on personal knowledge, and/or is unsupported by the record or attached documentation. Memorandum of Points and Authorities in Support of Motion to Strike, in Part, Plaintiff Hall's Declaration ("Def. Memo") at 2-6.

---

[1] Hall and SSRI will hereafter be referred to as "plaintiffs." The Court is aware, however, that plaintiff Accuracy in Media is not a party to the present Motion.

Rule 56(e) of the Federal Rules of Civil Procedure governs such declarations and provides, in relevant part, that they:

> must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matter stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit.

Fed. R. Civ. P. 56(e)(1).

## II.   Analysis

Plaintiffs raise numerous arguments in opposition to the Motion: (A) defendant has waived its right to challenge the Declaration; (B) Hall should be able to testify to the statements that defendant challenges as beyond his personal knowledge; (C) Hall is an expert and meets the standards for expert testimony; (D) all previously missing exhibits have been attached to their Opposition; and (E) if the Declaration is stricken, plaintiffs should be able to conduct additional discovery.

### A.   Waiver

As an initial matter, plaintiffs argue that prior inaction has resulted in a waiver by defendant of its right to contest the Declaration. Plaintiffs claim that the Declaration is "drawn largely from the declaration that Hall" submitted in a prior case, Hall v. Central Intelligence Agency, No. 98-cv-1319. Opposition of Plaintiffs Roger Hall and Studies Solutions Results, Inc. to Defendant's Motion to Strike Parts of Declaration of Roger Hall ("Opp.") at 2. Because defendant did not move to strike that declaration, plaintiffs argue, it has waived the right to so move here. Id. This argument fails for several reasons.

First, plaintiffs have not attached that declaration to their brief. As it is not accessible from the Court's electronic docketing system (ECF/PACER), this Court and

defendant have no way to determine whether plaintiffs are correct that the two declarations are "largely similar." Id. This alone is a sufficient basis to reject plaintiffs' argument.

Second, the one case cited by plaintiffs to support their argument, Cattrett v. Johns-Manville Sales Corp., 826 F.2d 33, 38 (D.C. Cir. 1987), is inapposite. In Cattrett, a plaintiff appealed an entry of summary judgment by arguing, in part, that a letter she had attached to her opposition brief evidenced a genuine issue of material fact. Id. at 36-37. Defendant, in response, argued that the letter "should be ignored by virtue of its asserted inadmissibility at trial." Id. at 37. The court of appeals held that defendant had waived that argument by not timely raising it before the district court. Id. at 37-38. There is nothing in Cattrett that supports plaintiffs' argument that a party cannot move to strike a declaration if it had not moved to strike a similar declaration *in an entirely different case.*

Finally, to the extent that plaintiffs are arguing that defendant is somehow estopped because of action it did not take in another case, the Court notes that "the doctrine of estoppel is applied against the Government with the utmost caution and restraint." Estate of Carberry v. C.I.R., 933 F.2d 1124, 1127 (2d Cir. 1991) (internal quotation omitted). See also Konstantinidis v. Chen, 626 F.2d 933, 938 (D.C. Cir. 1980) ("the judicial estoppel doctrine has no vitality in" the District of Columbia). Plaintiffs' argument falls far short of establishing that estoppel is appropriate in this case.

### B. Personal Knowledge

Defendant argues that many of the statements made in the Declaration do not comport with the "personal knowledge" requirement of Rule 56(e)(1). Motion at 3 (citing Decl. at ¶¶ 5-16, 18-20, 22, 25-28, 32). There is no question that the paragraphs

cited by defendant contain statements not based on Hall's personal knowledge. Many, like Paragraph 13, contain a conclusory statement concerning an alleged historical event. Decl. at ¶ 13 ("POWs were taken from Vietnam, Laos and possibly Cambodia to the Soviet Union. I have not been provided records regarding such transfers."). Others, like Paragraph 12, recount statements alleged to have been made to Hall by third parties. Decl. at ¶ 12 ("In 1994/1995, I interviewed Admiral Thomas Moorer, former Chairman of the Joint Chiefs of Staff. He told me . . .").

These statements are presumptively violative of Rule 56(e). See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990) ("The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.") (citations omitted); Wells v. Jeffery, 03-CV-228, 2006 WL 696057, at *3 n.7 (D.D.C. Mar. 20, 2006) ("The affidavit or declaration cannot contain hearsay evidence, as such evidence would not be admissible at trial.").

Plaintiffs, in an effort to salvage the Declaration, offer several arguments: (1) the Declaration need not "strictly conform" to the requirements of Rule 56(e) insofar as it serves to oppose defendant's motion for summary judgment, Opp. at 3-4; (2) Hall's statements are admissible because they are based on "his perceptions of what he was told by the persons he interviewed or his interpretation of what persons have testified to or what is contained in government documents," Opp. at 9-10; (3) the statements in the Declaration are admissible under Federal Rule of Evidence 807, the so-called residual exception to the hearsay rule, Opp. at 10-11; and (4) the statements in the Declaration are admissible because they are not being offered to prove the truth thereof, Opp. at 14-15.

### 1. **Rule 56(e)**

Plaintiffs claim that "the strictness with which Rule 56(e)'s formal requirements are observed varies markedly based on whether the affidavit is submitted in support of a moving party's motion for summary judgment or in support of the nonmoving party's opposition thereto." Opp. at 3. Because the Declaration serves both purposes, plaintiffs argue, it need not "strictly conform" with Rule 56(e). Id. This argument is especially bold in light of the plain language of Rule 56(e), which unequivocally requires affidavits to "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matter stated." Fed. R. Civ. P. 56(e)(1). The Rule does not give any indication that its requirements are to be applied differently to an affidavit offered in support of summary judgment than to one offered in opposition – and, even if it did, plaintiffs do not explain why the "dual function" Declaration should not receive the stricter, rather than the weaker, of the two treatments. Opp. at 3.

Plaintiffs cite to a treatise on federal practice and procedure to support their contention. Opp. at 4 (quoting 10B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2738 (3d ed. 2007) ("The cases seem to indicate that judges will be quite demanding in their examination of the moving party's papers, but will treat the papers of the party opposing the motion indulgently.")). Notably, however, plaintiffs omit from their brief the following passage from that same treatise: "Inasmuch as Rule 56(e) itself does not draw a qualitative distinction between the papers submitted by the moving party and those of the opposing party, summary-judgment opponents would be wise not to rely upon the differential treatment suggested by those cases if they can avoid doing so." Id.

Plaintiffs also cite two cases from our court of appeals, both of which are over forty years old.  Opp. at 3-4 (citing Corley v. Life & Cas. Ins. Co., 296 F.2d 449, 450 (D.C. Cir. 1961); Underwater Storage Inc. v. United States Rubber Co., 371 F.2d 950, 953 (D.C. Cir. 1966)).  These cases, at best, blandly state that courts are less critical of the papers of the party opposing summary judgment than as to those of the movant.  This reflects an attempt to effectuate the policy preference that cases be resolved at trial rather than by summary judgment.  It hardly follows that Rule 56(e) should be read to excuse one party from an obligation it imposes on another, particularly where the language states no such thing.  This Court will rely on the language of the Rule, as did the court of appeals in Londrigan v. Federal Bureau of Investigation, 670 F.2d 1164 (D.C. Cir. 1981), in which it held:

> Although [Rule 56(e)'s] directive with respect to admissibility of an affidavit's contents on summary judgment has been liberally construed, its requirement of personal knowledge by the affiant is unequivocal, and cannot be circumvented.  An affidavit based merely on information and belief is unacceptable.

Id. at 1174 (internal footnotes omitted).

### 2. **Perceptions**

Plaintiffs also argue that the portions of the Declaration that are based on third party statements are admissible because they represent Hall's "perceptions of what he was told by the persons he interviewed or his interpretation of what persons have testified to or what is contained in government documents."  Opp. at 9-10.  In support of this argument, plaintiffs cite Rule 701 of the Federal Rules of Evidence, which states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear

> understanding of the witness' testimony or the
> determination of a fact in issue, and (c) not based on
> scientific, technical, or other specialized knowledge within
> the scope of Rule 702.

Fed. R. Evid. 701. Plaintiffs' interpretation of this Rule is startling; if any third party statement could be admitted merely because it was heard (and "perceived") by the witness, the entirety of hearsay jurisprudence would be nullified. It is clear that Rule 701 allows no such thing. See, e.g., Teen-Ed, Inc. v. Kimball Intern. Inc., 620 F.2d 399, 403 (3d Cir. 1980) (witness's opinions must be "well founded on personal knowledge and susceptible to specific cross examination.").

In any event, plaintiffs can not meet the requirement of the Rule that the testimony be "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Fed. R. Evid. 701(a). Hall is attempting to testify that, for example, certain operations were undertaken by defendants and that no documentation concerning those events have been produced in this litigation. As to the threshold issue of whether those operations were actually undertaken, Hall's perceptions of what was told or shown to him, and whether or not those things actually were told or shown to him, are irrelevant and unhelpful. Put another way, Hall's state-of-mind is not at issue here – and, as such, Rule 701 is inapplicable.

### 3. **The Truth Thereof**

Plaintiffs also argue the portions of the Declaration based upon third party statements are not hearsay because they are being offered "not to prove the truth [thereof] but simply to show that the statements were made to [Hall] and are the basis for his expert opinion." Opp at 15. This argument fails for the same reasons as above: it is of no independent relevance whether those statements were made to Hall, and admitting them

merely because they were heard by him would cripple the hearsay rule. Moreover, it is patently disingenuous to assert that the statements are not being offered for their truth; if that were the case, there would be no reason for plaintiffs to be offering them. These statements are nothing like those permitted into evidence because they are probative, whether true or false, of a fact at issue.

### 4. Rule 807

Plaintiffs next seek admittance of the Declaration under Rule 807, the residual exception to the hearsay rule, which allows the introduction of statements if they: (1) are invested with "circumstantial guarantees of trustworthiness" equivalent to those under the hearsay exceptions of Rule 803 and Rule 804; (2) are more probative than other evidence that the proponent can reasonably procure; and (3) admittance would serve the interests of justice. Id.

As an initial matter, Rule 807 addresses statements of hearsay that do not fall under the exceptions of Rule 803 and Rule 804. Id. Only five paragraphs of the Declaration are objected to by defendant on grounds of hearsay. Motion at 3-4 (citing Hall Decl. at ¶¶ 12, 17, 20, 26 and 28). The remaining statements, if lacking the personal knowledge requirement of Rule 602 and Rule 56(e), cannot be saved by resort to the residual exception.

As to the paragraphs challenged on hearsay grounds, it is important to note that the residual exception "is 'extremely narrow and require[s] testimony to be very important and very reliable.'" United States v. Washington, 106 F.3d 983, 1001 (D.C. Cir. 1997) (quoting United States v. Kim, 595 F.2d 755, 765 (D.C. Cir. 1979)). It is clear that at least four of the five challenged paragraphs cannot meet this standard.

In Paragraph No. 12, Hall recounts a conversation he allegedly had with Admiral Thomas Moorer, former Chairman of the Joint Chiefs of Staff, in "1994/1995." Id.  In Paragraph No. 17, Hall states what he claims was told to him by Harry Pugh, a man described only as "a CIA employee."  Paragraph No. 20 purports to describe a conversation between President Ronald Reagan and CIA Director William Casey, as overheard by "Secret Service employee John Syphrit."  These paragraphs fail to include any references to corroborating documentation; they are nothing more than bare hearsay (and, in the case of Paragraph No. 20, double hearsay), and lack the required "circumstantial guarantees of trustworthiness." Fed. R. Crim. P. 807.  Hall fares no better with Paragraph 28, in which he repeats what he "ha[s] been told" about government reorganization (without identifying who told him), and speculates about where documents are "likely" to be (without explaining the basis for that speculation).

In Paragraph 26, Hall repeats information allegedly told to him by former Congressman Bill Hendon concerning aerial photographs; Congressman Hendon claims these photographs were shown to him by directors of the CIA, and Hall states that they have not been produced in response to his FOIA request.  Hall attaches as Exhibit 26 to his Opposition a sworn declaration made by Congressman Hendon containing much of the same information alleged to have been told to Hall.  Because this declaration speaks for itself, and because it is of no relevance whether this information was communicated orally to Hall, Paragraph 26 is of no probative value and thus is ineligible for admission via Rule 807.  Congressman Hendon's declaration, however, will not be stricken.

### C.     Referenced Documents

Defendant argues in its Motion that plaintiffs, in violation of Rule 56(e), have failed to provide copies of documents referenced in the Declaration, and have

- 10 -

misrepresented certain documents that were provided. Motion at 4-5 (citing Decl. at ¶¶ 5-9, 11, 13-16, 18-19, 22, 26-27, 32-34, and 36).

As an initial matter, of the paragraphs cited by defendant, only the following contain references to specific documents: Paragraph Nos. 7, 11, 22, 26-27, 32-34, and 36. Plaintiffs do not address in their Opposition the alleged deficiencies of Paragraph Nos. 11, 32-33, and 36; as a result, those paragraphs will be stricken. See Inst. for Policy Studies v. CIA, 246 F.R.D. 380, 386 n.5 (D.D.C. 2007) ("[W]here a party files an opposition to a motion and addresses only certain arguments raised by the movant, this court routinely treats the unaddressed arguments as conceded pursuant to Local Rule 7(b)."). See also Chapman v. Labone, 460 F. Supp. 2d 989, 998 (S.D. Iowa 2006) ("When an affiant attempts to rely on a written document, the affiant's interpretation of the document is not sufficient. The document itself must be attached to the affidavit.") (internal citation omitted).

Of the remaining paragraphs challenged on these grounds, plaintiffs claim to have attached to their Opposition the missing documents referred to in Paragraph Nos. 7, 22, 26, 27, and 34. Opp. at 15-16. Yet this supplemental submission is plainly inadequate inasmuch as it forces this Court to search for needles in haystacks. In Paragraph 7 of the Declaration, for example, Hall claims that "Former Ambassador to Laos William Sullivan revealed in a deposition" that an Air Force and CIA employee had submitted requests to rescue prisoners of war in Laos. Plaintiffs attach Ambassador Sullivan's deposition to their Opposition at Exhibit 3; this document, however, is 278 pages and neither plaintiffs nor Hall provide a direct citation to the referenced testimony. Similarly, Paragraph 22 of the Declaration references the "Senate Committee's Report," yet no such report has been submitted. Instead, plaintiffs attach to their Opposition at Exhibit 23 a

132 page deposition – without citing relevant pages – of Richard V. Secord, taken before the Senate Select Committee on POW/MIA Affairs.  Finally, Paragraph 34 of the Declaration references a deposition of Terry Reed, and plaintiffs attach that deposition as Exhibit 19 to their Opposition; this document, however, is 101 pages and neither plaintiffs nor Hall provide a direct citation to the referenced testimony.  It is the plaintiffs' responsibility "not only to produce the required evidence, but also to specifically point it out for the Court; the Court will not pick through hundreds of pages of exhibits searching for evidence to help Plaintiff."  Georgen-Saad v. Texas Mut. Ins. Co., 195 F. Supp. 2d 853, 859 n.5 (W.D. Tex. 2002) (citing Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1296 n.16 (5th Cir. 1994) ("Judges are not like pigs, hunting for truffles buried in briefs.")).  Paragraphs 7, 22, and 34, and the exhibits thereto, will therefore be stricken.

Additionally, there are other fatal deficiencies in exhibits attached to plaintiffs' Opposition; most notably, many of the exhibits were attached with no citation or explanation as to their purpose or relevancy.  Opp. at Exhs. 1-2, 4, 6-14, 16, 18, 20-22, 24-25, 28-29, 31-32.  Moreover, plaintiffs submit Exh. 30 in support of Paragraph No. 17 of the Declaration, but that exhibit has no relevance to that portion of the Declaration.  Opp. at 16.  Finally, Exh. 27 is incredibly unreliable and unsubstantiated; it appears to be an undated and unsourced "transcript" of an internet "chat" between "RHall8715" and "Drmwalker," who plaintiffs claim, without substantiation, to be a former POW.  Opp. at 16.  These exhibits are to be stricken.

### D. Expert Testimony

Plaintiffs, citing Rules 702 and 703 of the Federal Rules of Evidence, argue that the Motion should be denied because Hall is an expert and may therefore offer testimony

based upon his opinion and inadmissible evidence. Opp. at 4-9. Rule 702 permits an expert to offer his opinion under certain circumstances:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Similarly, Rule 703 sets forth the circumstances in which an expert may rely upon information obtained by third parties or other evidence that might itself be inadmissible:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted.

Fed. R. Evid 703. Plaintiffs argue that if Hall were to be permitted to testify as an expert witness, the deficiencies in the Declaration alleged by defendant would be cured. Opp. at 4-9.

The Court need not address whether Hall qualifies as an expert because the Federal Rules of Evidence and Federal Rules of Civil Procedure do not permit testimony to be introduced *carte blanche* merely because they are offered by an expert. The deficiencies in Hall's statements are simply too great for the Declaration to be considered helpful or reliable. See United States v. Hall, 969 F.2d 1102, 1109 (D.C. Cir. 1992) ("The overriding limitation on expert testimony is the requirement that under Rules 701

and 702 of the Federal Rules of Evidence, opinions must be helpful to the trier of fact.") (internal quotation omitted); Knight v. Kirby Inland Marine Inc., 482 F.3d 347, 355 (5th Cir. 2007) ("[T]he expert's testimony must be reliable at each and every step or else it is inadmissible.").

As already discussed, many of the challenged paragraphs of the Declaration are conclusory and contain no foundation. See Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1113 (11th Cir. 2005) (The "burden of laying the proper foundation for the admission of expert testimony rests with its proponent."). Others consist of hearsay that cannot be saved by Rule 703. Loeffel Steel Products, Inc. v. Delta Brands, Inc., 387 F. Supp. 2d 794, 808 (N.D. Ill. 2005) ("while Rule 703 was intended to liberalize the rules relating to expert testimony, it was not intended to abolish the hearsay rule and to allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion.").

More fundamentally, the Declaration is at most an opinion that defendant did not conduct an adequate search. Hall cannot speak to the truth of the events he alleges to have occurred, to which he has no personal knowledge. Brace v. U.S., 72 Fed. Cl. 337, 352 (2006) ("[A] testifying expert may rely upon facts or data made known to the expert before the hearing and even may rely upon opinions, if reasonably relied upon by experts in the particular field. However, the *ipse dixit* of that reliance does not make those facts, data or opinions true, particularly where, as here, they are derived largely from hearsay."). Nor are the exhibits he relies upon necessarily admissible into evidence merely on the basis of his reliance. See Fed. R. Evid. 703 ("Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion

or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.").

It is also worth pointing out the inherent weakness in plaintiffs' attempt to introduce Hall, himself a plaintiff, as a testifying expert in this action.  The reason is self-evident: experts are permitted to express opinions that laypersons may not because, on balance, the possibility that the finder of fact may be unfairly influenced by that opinion is outweighed by the help the expert will provide on an issue that is beyond the ken of a layperson.  Thus, the necessity of having the expert testify is driven by the need to have the benefit of his specialized expertise.  Central to that equation is the presumed objectivity of the expert; an expert with a partisan axe to grind is of no use to the finder of fact and becomes just another advocate for a party.

One would be hard pressed to imagine a case where a court, confronted with a partisan disguised as an expert, would not preclude the so-called-expert's testimony on the grounds that what little probative value it has is outweighed by its hopelessly partisan nature.  It is to permit advocacy to wear the clothes of objective scientific analysis.  If that is true of a witness, then *a fortiori* it is true when a party tries to take off the hat of a partisan, put on the hat of an expert, and then put on the hat of a partisan once again and use his own testimony as a basis for his argument.  Such a transparent stratagem offends both law and science.

Finally, it cannot be said that precluding plaintiff from being considered an expert offends the principle that the court does not pre-judge the credibility of a witness but lets it be judged by the finder of fact.  While one may be able to conjure a case where a party could be party and expert in the same case, and his credibility be for the finder of fact, in this case, plaintiff is taking unquestionably hearsay statements and, by the stratagem of

having himself testify as an expert, magically transforming them into "non-hearsay." The Court cannot permit such a transparent evasion of its processes and requirements for the admissibility of evidence.

In sum, the Declaration – even if Hall were to be qualified as an expert – has little value in "assist[ing] the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Coupled with the lack of foundation and reliability, and Hall's status as a party to this action, the Declaration will not be admitted as expert testimony.

### E. Additional Discovery

Plaintiffs argue that they should be able to take discovery pursuant to Rule 56(f) if the Motion is granted. Opp. at 16-18. Rule 56(f) states that, if a party opposing a motion for summary judgment "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition," the court may: (1) deny the motion for summary judgment, (2) "order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken," or (3) issue any other just order. Fed. R. Civ. P. 56(f).

The Court notes that no affidavit has been filed by plaintiffs, as is required by the plain language of Rule 56(f). Even if that requirement could be considered satisfied by plaintiffs' Opposition, First Chicago Intern. v. United Exch. Co., Ltd., 836 F.2d 1375, 1380 (D.C. Cir. 1988), my jurisdiction does not extend beyond resolution of defendant's Motion. See Order Referring Action to United States Magistrate Judge John Facciola (July 30, 2007).

- 17 -

## III.    Conclusion

For the reasons stated above, the Motion will be granted, and Paragraph Nos. 5-9, 11-20, 22, 25-28, 32-34, and 36 of the Declaration will be stricken.  Exhibit Nos. 1-4, 6-14, 16, 18-25, and 27-32 to the Opposition will also be stricken.

An Order accompanies this Memorandum Opinion.


Date:   March  10, 2008                              /s/
                                            JOHN M. FACCIOLA
                                            UNITED STATES MAGISTRATE JUDGE