UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROGER HALL et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CENTRAL INTELLIGENCE AGENCY, )<br>)<br>Defendant. )<br>) | Civil Case No. 04-814 |

**MEMORANDUM & ORDER**

When this long-running Freedom of Information Act (FOIA) case left off, the Central Intelligence Agency (CIA) had three tasks: (1) disclose previously redacted names of non–CIA employees; (2) provide more specificity on document destruction protocols; and (3) confirm whether additional records allegedly shown to Congress exist. CIA did the first two, but not the third. Accordingly, the Court will grant-in-part and deny-in-part the pending summary judgment cross-motions.

*First*, the Court previously ruled FOIA's personal privacy protection could not shield names of non–CIA employees. Though CIA briefly considered appealing that decision, it "now intends to release the names . . . as soon as possible[,] . . . and is now reviewing and processing its prior productions consistent with the Court's prior order[]." Def.'s Suppl. Mot. Summ. J. 7, ECF No. 335. That's good news, and the Court looks forward to hearing when this process is complete.

*Second*, when CIA searched its nonoperational files for records responsive to plaintiffs' request, it identified 569 physical file folders with potentially responsive documents but claimed 114 were destroyed in accordance with CIA's record control schedules. To substantiate this

claim, the Court "direct[ed] the CIA to provide further specificity as to the regulations and schedules applied to its decision to destroy the files." Mem. Op. 14, ECF No. 291. CIA recently made those schedules—which are classified—available for ex parte and in camera review, *see* ECF No. 334, and that review convinced the Court that additional searching will not recover the 114 files. Consequently, the Court concludes CIA adequately searched its nonoperational files and will award summary judgment accordingly. *See SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1201 (D.C. Cir. 1991).

*Third*, plaintiffs contest the adequacy of CIA's search with evidence of additional documents that should have been—but weren't—disclosed. Specifically, plaintiffs marshal affidavits from former congressmen and senators testifying CIA showed them aerial images of prisoner-of-war camps. *See, e.g.*, Decl. Bill Hendon ¶¶ 8–24, ECF No. 95-45; Decl. John LeBoutillier ¶¶ 8–9, ECF No. 83-15. These images would clearly fall within plaintiffs' request for information about prisoners-of-war or soldiers missing-in-action during the Vietnam War. But CIA will neither confirm nor deny the existence of these images, saying only that if they exist, they must be "operational" and thus excepted from FOIA under 50 U.S.C. § 3141. *See* Def.'s Suppl. Mot. Summ. J. 5-7.

Yet given these "positive indications of overlooked materials," the Court needs more from CIA to feel confident the search was "reasonably calculated to uncover all relevant documents." *Aguiar v. Drug Enf't Admin.*, 865 F.3d 730, 738 (D.C. Cir. 2017) (internal quotation marks omitted). That's especially true given the age of these alleged records, and the Court's corresponding difficulty imagining why they would still be operational. But CIA spurns any explanation at all, since to even confirm or deny the records' existence, CIA must search its operational records. And CIA maintains § 3141 barricades its operational records from FOIA.

But § 3141 does not categorically absolve CIA from searching its operational records. When a FOIA requester "disputes" the adequacy of CIA's search "with a sworn written submission based on personal knowledge or otherwise admissible evidence" suggesting "improper exemption of operational files," a court can order CIA "to review the content of any exempted operational file or files" and to submit a "sworn written submission" supporting the claimed exemption. § 3141(f)(2), (f)(4)(A)–(B); *accord, e.g., Judicial Watch, Inc. v. Cent. Intelligence Agency*, 310 F. Supp. 3d 34, 41-42 (D.D.C. 2018) (Jackson, K.B., J.). Plaintiffs do so here with—among other things—an affidavit by former Congressman Bob Smith swearing "without any equivocation that [CIA is] still holding documents that should be declassified" and that "could and should be released as they pose no national security risk." Aff. Bob Smith ¶¶ 8, 20, ECF No. 258-4. Yet CIA never comes close to explaining why the files remain operational, offering only generalized explanations of § 3141 and its mandatory decennial review. *See, e.g.*, Decl. Antoinette B. Shiner, ECF No. 335-1. That's not enough. To satisfy § 3141, CIA must review its operational files and explain with specificity whether any additional responsive records exist and, if so, why they must be exempt from FOIA.

Therefore the Court **DISCHARGES** its order [333] to show cause. The Court further **GRANTS-IN-PART** and **DENIES-IN-PART** CIA's cross-motion [295] for summary judgment, and conversely **GRANTS-IN-PART** and **DENIES-IN-PART** the plaintiffs' cross-motions [312, 319]. In short, the Court holds that CIA adequately searched its nonoperational files, but that it must now search its operational files and explain whether any additional responsive records exist and, if so, why they remain operational. If CIA cannot do so in a public filing, it should move to file under seal or for ex parte, in camera review. Finally, the Court **ORDERS** the parties to meet and confer within ten days—and to update the Court within ten

days thereafter—on a plan for that search and for further briefing. These deadlines shall not be further extended.

August 2, 2019

_____
Royce C. Lamberth
United States District Judge