UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROGER HALL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 04-814 (RCL) |
| ) | |
| CENTRAL INTELLIGENCE AGENCY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

PLAINTIFF ROGER HALL AND STUDIES
SOLUTION RESULTS, INC., MOTION TO RECONSIDER
THE COURT'S NOVEMBER 30, 2020 ORDER AND JUDGMENT

COMES NOW plaintiffs Roger Hall and Studies Solutions Results Inc., ("Hall") move this Court for reconsideration of the Court' November 30, 2020 Order and Judgment.

PRELIMINARY STATEMENT

Plaintiffs incorporate by reference the Statements of Material Facts set forth by all plaintiffs in previous pleadings. Because of COVID-19 and other circumstanced including a plethora of court deadlines in other cases, Mr. Lesar is unable to do more than proffer below significant new evidence bearing on the search issues in this case.

MEMORANDUM OF POINTS AND AUTHORITIES

A. <u>CIMS SYSTEM DO-NOT-FILE INDEX</u>

1.  The E.J. Hurst Declaration, filed in *Clement v. FBI, DOJ*, C.A. No. 13-0108, provided detailed evidence regarding CIMS (Central Inmate Monitoring System), indexing procedure. This system employs an updated "JUNE MAIL" method of hiding information on prison inmates, or potential inmates, which permits information on them to be hidden from Congressional Committees, other agencies, and journalists, through a special notation on how to conduct a non-search for information the Bureau of Prisons wants to be kept hidden. A copy of Mr. Hurst's Declaration is attached hereto. It is a part of ECF No. 63, Clemente's Cross-Motion for Summary Judgment, before Judge Hogan. It sets forth relevant facts as required to support summary judgment under Rule 56 of the Federal Riles of Civil Procedure. It is also described as a confidential source indices. Mr. Hurst updated his Declaration, and the undersigned will supply it to the Court as soon as I can located it.

2.  Mr. Hurst later used his expert knowledge of the Bureau of Prisons system to submit a more detailed explanation of how the BOP confidential source function to hide information that the BOP and other authorities do not want known. Hurst's expertise enabled him to provide a much more detailed explanation of the working of the BOP's do not file files.

3. AIM and Hall sought information about POWs and MIAs including live sightings. The special indexing system could explain the huge discrepancy between the number of POW/MIA records that were disclosed, and the number that one could reasonably expect to have been located. This could explain why other agencies, such as DIA, Air Force, Army, NSA, and the State Department, could not locate more records than they did.

B. NEW EVIDENCE REGARDING JFK ACT RECORDS

1. Rex Bradford is CEO of the Mary Ferrell Foundation, Inc. ("MFF, Inc."), and is a member of the Board of Directors of the Assassination and Research Center ("AARC"). The AARC is a 501(c)(3) non-profit corporation. The undersigned counsel is currently the acting President of the AARC. Mr. Bradford has studied the records officially designated JFK assignation-related records under the President John F Kennedy Assassination Records Act of 1992. ("JFK Records Act.")

2. Mr. Bradford has obtained what purports to be the entire collection of records officially designated for inclusion in the JFK Act records collection. He also obtained from NARA the metadata for those records. There is a huge discrepancy between the officially designated records and those that are actually available to the public. Mr. Bradford has concluded that this cannot be due to just coincidence. He has concluded that these records were intentionally withheld from

the collection despite the fact that the records are, by law, to be included in the collection.

3. Mr. Bradford obtained from NARA a spreadsheet of all records that are supposed to be in the JFK Act collection. There is a field which bears the code, CNTUS. NARA has been unable to explain the absence of any records in this field. It has explained, after consulting with its experts, that it is unable to determine what CNTUS refers to. Mr. Bradford and other members of the research community, and confidential sources working inside government agencies, have also been unable to identify what this code stands for. It is a proper subject of discovery in this case to learn what meaning and application it may have to the records sought by plaintiffs.

## CONCLUSION

Because of the press of time, undersigned counsel is unable at this time to discuss changes in the state of the law regarding exemptions developed since the Court last ruled on the merits on those claims.

It is abundantly clear thhat there are disputed issues of material fact in dispute which preclude granting a final judgment against Plaintiff Hall.

DATE:  April 20, 2021.

        Respectfully submitted,


        <u>  James H. Lesar /s/  </u>
        James H. Lesar # 114413
        930 Wayne Avenue
        Suite 1111
        Silver Spring, MD  20910
        (301) 328-5920
        jhlesar@gmail.com

        *Counsel for Plaintiffs*
        *Roger Hall and SSRI, Inc.*