UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROGER HALL, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 04-0814 (RCL) |
| CENTRAL INTELLIGENCE AGENCY, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTIONS
TO RECONSIDER THE COURT'S NOVEMBER 30, 2020 ORDER AND JUDGMENT**

Defendant Central Intelligence Agency ("CIA" or "Defendant"), by and through undersigned counsel, opposes the motions to reconsider the Court's November 30, 2020 Order and Judgment filed by Plaintiff Accuracy in Media ("AIM") (ECF No. 364) and Plaintiff Roger Hall ("Hall") (ECF No. 365)). Defendant understands that Plaintiffs brought these motions pursuant to Federal Rule of Civil Procedure ("Rule") 60(b). The Court should deny them for several reasons.

Plaintiffs' motions fail to meet the burden of any of the factors required to obtain relief from judgment under Rule 60(b). AIM does not refer to any specific grounds under Rule 60(b) that entitle it to relief. Instead, it merely argues that Defendant has motives to withhold records and that it has a practice of over-classification, points that were previously litigated and are irrelevant at this juncture. AIM also requests that Defendant provide declarations regarding its search of operational records. However, the Court did not request CIA to provide a declaration after it informed the Court the search resulted in no responsive records. Hall offers only a vague argument of "new evidence" regarding the JFK Act Records. The new evidence Hall raises,

though, is unrelated and irrelevant to this case. For the reasons set forth below, the Court should deny these Motions.

## BACKGROUND

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Plaintiffs sought seven categories of records, or "Items," relating to Vietnam Prisoners of War ("POWs") and persons declared Missing in Action ("MIAs"). As the Court's May 23, 2019 Order noted, the Court granted summary judgment in Defendant's favor regarding five of the seven "Items" of Plaintiffs' 2017 FOIA request. *See* Mem. Op. (ECF No. 291) at 13-14. The Court's May 23, 2019 Order also noted the Court had previously laid out four steps for the government to resolve this case in its favor: (1) provide more specificity on document destruction protocols; (2) confirm or deny the existence of additional nonoperational records allegedly shown to Congress; (3) disclose previously redacted names of non-CIA employees; and (4) provide "no later than" dates for undated, fully withheld records. *See* Mem. Op. (ECF No. 333) at 1-3. To address these outstanding issues, the Court authorized Defendant to supplement its motion for summary judgment in accordance with the May 23, 2019 Order. *Id.* at 7.

On June 7, 2019, Defendant filed a motion for leave to file Defendant's Records Control Schedules *in camera* and *ex parte* for the Court's review. (ECF No. 334). On June 12, 2019, Defendant filed its Supplement to its Motion for Summary Judgment with the accompanying supplemental declaration of Antoinette B. Shiner. (ECF No. 335).

On August 2, 2019, the Court explained the CIA had three tasks: "(1) disclose previously redacted names of non-CIA employees; (2) provide more specificity on document destruction protocols; and (3) confirm whether additional records allegedly shown to Congress exist." Mem. & Order (ECF No. 340) at 1. The Court noted the first two items were completed, but not the third.

*Id.* The Court held that the CIA adequately searched its nonoperational files, but that it must "search its operational files and explain whether any additional responsive records exist and, if so, why they remain operational." *Id.* at 3. On August 30, 2019, Defendant filed a motion for reconsideration of the Court's Order dated August 2, 2019. (ECF No. 342). On March 31, 2020, the Court denied Defendant's motion for reconsideration. (ECF No. 345). Accordingly, Defendant conducted a search of its operational files. On October 30, 2020, Defendant stated the following: "The CIA conducted a search of its operational files and located no responsive records with respect to '1400 live sighting reports that were reportedly displayed at Congressional briefings attended by CIA employees, as well as records of imagery and reconnaissance and rescue operations.' Order dated March 31, 2020. The CIA has now completed the supplemental search of its operational files." (ECF No. 352).

On November 30, 2020, the Court stated "[t]he defendant agency has reported . . . that it has completed its search of operational files as ordered by this Court and that it located no responsive records in this Freedom of Information Act case. After sixteen years, the Court is now willing to grant the government's motion for summary judgment and order this case dismissed with prejudice." (ECF No. 353).

## LEGAL STANDARD

Defendant construes that Plaintiffs' brought their motions for reconsideration pursuant to Rule 60(b). "The party seeking relief under Rule 60(b) bears the burden of proof to show that he is entitled to the relief." *Schotz* v. *Dep't of Justice*, 216 F. Supp. 3d 30, 31 (D.D.C. 2016). "A threshold requirement for obtaining [such] relief is the demonstration of a meritorious claim or defense to the motion upon which the district court dismissed the complaint." *Id.* (internal quotation marks omitted). "This established . . . precondition assures that vacating [a] judgment

3

will not be an empty exercise or a futile gesture." *Id.* (internal quotation marks omitted). "[T]he decision to grant or deny a rule 60(b) motion is committed to the discretion of the District Court." *Id.* (internal quotation marks omitted).

Rule 60(b)(1) permits the court to grant relief from a final judgment upon a finding of "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(2) allows a court to grant relief from a final judgment upon a finding of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 60(b)(3) allows a court to set aside or grant relief from a final judgment for "fraud . . ., misrepresentation, or misconduct by an opposing party." Rule 60(b)(4) allows a court to provide relief from a final judgment when that "judgment is void." Rule 60(b)(5) allows a court to relieve a party from a final judgment when the judgment has been satisfied, reversed, discharged, or is no longer equitable. Rule 60(b)(6) is a catch-all provision, providing that a court may relieve a party from final judgment for "any other reason that justifies relief."

In its discretion, a court may relieve a party from final judgment for any one of those six enumerated reasons. Rule 60(b)(1)-(6). "In exercising this discretion, the Court 'must balance the interest in justice with the interest in protecting the finality of judgments.'" *Schotz,* 216 F. Supp. 3d at 31. The party seeking relief under Rule 60(b) must offer "a hint of a suggestion" that he might prevail if the case is reopened. *Thomas v. Holder,* 750 F.3d 899, 902 (D.C. Cir. 2014).

## ARGUMENT

As discussed below, neither Plaintiff meets the burden of any of the factors required to obtain relief from judgment under Rule 60(b).

I.   **AIM's Motion for Reconsideration**

AIM fails to meet its burden of showing any of the factors required to obtain relief from judgment under Rule 60(b). In fact, AIM does not even cite to any of the enumerated reasons in Rule 60(b) for which it bases its motion for reconsideration. Instead, AIM only argues that the CIA has a motive for withholding records and a practice of over-classification, which are arguments AIM has either already previously raised or could have raised. *See e.g.,* (ECF No. 312), Pl's Cross Mot. for Summ. J. at 23.

AIM notes the CIA provided no declaration regarding its search of operational records. However, neither the Court nor Plaintiffs requested a declaration when CIA finalized its search, which produced no responsive records. Plaintiff also questions whether the CIA searched its "records of its collaborations with the Defense Intelligence Agency, or Military Assistance Command Vietnam-Special Operations Group (MACVSOG), or the National Security Council, or the State Department. (ECF No. 364), Pl's Mot. for Recon. at 4. The CIA notes that, as the Court ordered on March 31, 2020, it searched its operational files for responsive records with respect to "1400 live sighting reports that were reportedly displayed at Congressional briefings attended by CIA employees, as well as records of imagery and reconnaissance and rescue operations. Order dated March 31, 2020." (ECF No. 352). The Court subsequently found that search adequate. (ECF No. 353).

AIM also argues the CIA's August 20, 2019, production was over-classified, and Plaintiff states no *Vaughn* index was provided for this release. (ECF No. 364), Pl's Mot. for Recon. at 5-6. The CIA notes that the August 20, 2019, production was merely a reprocessing of records that were previously produced to Plaintiffs in order to comply with the Court's Opinion of August 3, 2017, wherein the Court denied the CIA's redactions of non-CIA employees' names under FOIA

Exemption 6. *See* (ECF No. 291), Mem. Op. at 18-19; *see also* (ECF No. 341), Joint Status Report; *see also* Production Cover Letters, attached hereto as Ex 1. Thus, the parties have already fully briefed and addressed the underlying redactions and over-classification issues with respect to these reprocessed records. The CIA further notes that a sample *Vaughn* index and a *Vaughn* index for documents denied in full were provided to Plaintiffs. (ECF No. 248-2), Declaration of Antoinette B. Shiner, Ex. B. & Ex. C.

AIM's motion for reconsideration is an attempt to re-litigate issues the Court previously addressed, and as such, must be denied. *See Pub. Emps. for Env't Responsibility v. U.S. Int'l Boundary & Water Comm'n*, 932 F. Supp. 2d 24, 27 (D.D.C. 2013) ("Moreover, post-judgment motions for reconsideration should be denied when the court 'suspects the losing party is using the motion as an instrumentality for arguing the same theory or asserting new arguments that could have been raised prior to final judgment.'" (quoting *Lightfoot v District of Columbia*, 355 F. Supp. 2d 414, 420 (D.D.C. 2005))). Accordingly, for these reasons, the Court should deny AIM's motion for reconsideration.

**II.    Hall's Motion for Reconsideration**

Hall argues that there is "significant new evidence bearing on the search issues of this case." (ECF No. 365), Pl's Mot. Recon. at 1. Under Rule 60(b)(2), the Court may relieve a party from a final judgment, order, or proceeding due to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Under Rule 60(b)(2), a party must demonstrate: "(1) the newly discovered evidence is of facts that existed at the time of trial or other dispositive proceeding; (2) the party seeking relief was justifiably ignorant of the evidence despite due diligence; (3) the evidence is admissible and is of such importance that it probably would have changed the outcome; and (4) the evidence is

6

not merely cumulative or impeaching." *West v. Holder*, 309 F.R.D. 54, 57 (D.D.C. 2015) (internal quotation marks omitted).

Referring to an unrelated case, *Clemente v. FBI,* Civ. A. No. 13-0108 (TFH) (D.D.C.), Hall first contends that the indexing procedure the Federal Bureau of Prisons uses regarding its Central Inmate Monitoring System "could explain the huge discrepancy between the number of POW/MIA records that were disclosed, and the number that one could reasonably expect to have been located." (ECF No. 365), Pl's Mot. Recon. at 2-3. Hall then speculates that this could "explain why other agencies, such as DIA, Air Force, Army, NSA, and the State Department, could not locate more records than they did." *Id.* at 3. Hall then states Mr. Bradford, CEO of Mary Ferrell Foundation and member of the Board of Directors of the Assassination and Research Center ("AARC"), "obtained what purports to be the entire collection of records officially designated for inclusion in the John F. Kennedy Assassination Records Collection." *Id*. Hall further states that "[t]here is a huge discrepancy between the officially designated records and those that are actually available to the public." *Id.*

Hall's purported "significant new evidence" is irrelevant to this case. The Federal Bureau of Prison's indexing procedures have no bearing on the CIA's indexing and records keeping procedures. Likewise, the fact that there may be discrepancies on the part of the National Archives and Records Administration with respect to the John F. Kennedy Assassination Records Collection is irrelevant and has no bearing on the CIA's search for records pertaining to Vietnam Prisoners of War and persons declared Missing in Action. Hall's motion is based on irrelevant speculation and conjecture, and as such Hall does not meet its burden to warrant relief under Rule 60(b)(2).

## CONCLUSION

For these reasons, Defendant respectfully requests that the Court deny Plaintiffs' Motions for Reconsideration.

Dated:   May 18, 2021  Respectfully submitted,

CHANNING D. PHILLIPS
D.C. Bar # 415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By:   /s/ *Kathleene Molen*
KATHLEENE MOLEN
VA Bar #68460
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
(202) 803-1572
Kathleene.Molen@usdoj.gov

*Counsel for Defendant*