**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROGER HALL, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 04-0814 (RCL) |
| | ) |
| CENTRAL INTELLIGENCE AGENCY, | ) |
| | ) |
| Defendant. | ) |

## JOINT STATUS REPORT

Defendant, the Central Intelligence Agency ("CIA" or "Agency"), and Plaintiffs Roger Hall ("Hall"), Studies Solutions Results, Inc., ("SSRI") and Accuracy in Media, Inc., ("AIM") jointly submit this status report to apprise the Court of the status of the parties' discussions regarding attorneys' fees in this Freedom of Information Act ("FOIA"), Privacy Act ("PA") and JFK Records Act matter. Accordingly, the parties state as follows:

1. On May 27, 2021, the CIA made a settlement offer to Plaintiffs. Plaintiffs rejected the settlement offer, and, on May 28, made a counteroffer. The parties wish to move forward with briefing on the issue of attorneys' fees and costs.

### Defendant's Position

2. The CIA has not yet responded to Plaintiffs' counteroffer because it only became aware of Plaintiffs' counteroffer by reading through a draft of this Joint Status Report.

3. On January 27, 2021, counsel for Plaintiffs Hall and SSRI, James H. Lesar, sent a preliminary itemization of his hours, and indicated he was gathering additional billing statements for himself and others who worked on the case. *See* ECF No. 366 Joint Status Report dated April 30, 2021, ¶ 4. On April 12, 2021, Mr. Lesar provided additional itemizations of his hours, based

on documentation provide by Mr. Clarke. *Id.* As of April 30, 2021, Mr. Lesar indicated that additional billing statements will be provided. *Id.*

4. In 2015, the Court awarded Plaintiffs a total of $414,478.40 in interim attorneys' fees which covered 10 years of litigation. The CIA is now considering fees incurred since the 2015 interim fees were awarded. The CIA does not intend to challenge Plaintiffs' entitlement and eligibility to attorneys' fees and costs.

5. Binding precedent establishes that it is Plaintiffs' "burden of establishing the reasonableness of [their] fee request," and "[s]upporting documentation 'must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended.'" *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir. 2004) (quoting *In re Olson*, 884 F.2d 1415, 1428 (D.C. Cir. 1989)); *Covington v. Dist. of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995) ("a fee applicant bears the burden of establishing entitlement to an award, documenting the appropriate hours, and justifying the reasonableness of the rates"). This burden is rightly imposed on fee applicants, as they are the ones suitably positioned to explain the propriety of the time spent on discrete tasks, and courts accordingly demand of fee applicants "'contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney.'" *Citizens for Resp. and Ethics in Wash. v. Federal Election Commission*, 66 F. Supp. 3d 134, 148 (D.D.C. 2014) (quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982) ("*NACV*")). It is only upon successfully carrying these substantial burdens that the burden shifts to the Government to rebut the rate sought by the prevailing party. *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). This allocation of burdens makes particular sense in the context of a request for attorney's fees under FOIA, as there is no right to or presumption of fees under the statute, and it is

accordingly Plaintiffs' duty to establish why the Court should award them the specific fees they seek. *See Morley v. CIA*, 894 F.3d 389, 391 (D.C. Cir. 2018) ("the FOIA attorney's fees statute provides that the district court 'may' award fees to a prevailing plaintiff -- and not 'must' or 'shall' award fees" (quoting 5 U.S.C. § 552(a)(4)(E)(i)).

6. Accordingly, based on the above precedent, the CIA respectfully requests that the Court order Plaintiffs to file a properly-supported motion for attorneys' fees and costs by a reasonable date if Plaintiffs wish to seek attorneys' fees and costs.

### Plaintiff's Position

7. On January 27, 2021, Mr. Clarke submitted his statement to the CIA, and Mr. Lesar submitted his on February 25, 2021, and subsequently updated and clarified the fees he is seeking in this litigation.

8. Three months later, on May 27, the CIA responded with an offer of less than 10 percent of the amount sought.

9. Plaintiffs had requested that the CIA provide its version the amounts due under the USAO Matrix and under the Legal Services Index ("LSI") Matrix. On May 28, the government did provide its version of the applicable USAO Matrix, which is significantly lower than the LSI Matrix.

10. The CIA communicated that it was "not contesting eligibility and entitlement," but posits that the USAO Matrix should be applied, and "removed items that it believes are not compensable, such as unsuccessful items, items that were unclear, and administrative tasks," and also "reduced rates on items where plaintiffs partially prevailed."

11. In response, on May 28, for the purpose of settlement, plaintiffs offered to reduce their amounts sought by 10 percent. The CIA has not responded.

12. It would appear that the matter must be submitted to the Court for adjudication. The applicable fee rate is a matter of law. Here, Plaintiffs believe that the most efficient way of proceeding is for the government submit its position to the Court first, to identify its referenced non-compensable items that it posits are (1) unclear, (2) administrative tasks, as well as (3) items that it reduced based on its view plaintiffs had only partially prevailed. Plaintiffs do not agree that the CIA's cited authority is applicable in this case.

13. Additionally, Mr. Lesar contends that the CIA is required to provide (a) a comprehensive and detailed inventory describing all records and information potentially responsive to Hall's requests, and (b) a reasonably detailed and non-conclusory *Vaughn v. Rosen* index supporting its positions on the amount of attorneys' fees that are warranted, and the specific items that it deems non-compensable.

Date: May 28, 2021.

Respectfully submitted,

*/s/ James H. Lesar*
James H. Lesar, Bar No. 114413
Counsel for plaintiffs Roger Hall and
Studies Solutions Results, Inc.
930 Wayne Avenue
Unit 1111
Silver Spring, MD  20910
(301) 328-5920
jhlesar@gmail.com

*/s/ John H. Clarke*
John H. Clarke, Bar No. 388599
Accuracy in Media, Inc.
1629 K Street, NW
Suite 300
Washington, DC  20006
(202) 344-0776
Fax: (202)332-3030
johnhclarke@earthlink.net

*Counsel for Plaintiffs*

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division


By: */s/ Kathleene Molen*
KATHLEENE MOLEN
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
(202) 803-1572
Kathleene.Molen@usdoj.gov

*Counsel for Defendant*