UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROGER HALL, *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | ) Civil Action No. 04-814 (RCL) |
| | ) |
| CENTRAL INTELLIGENCE AGENCY, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

PLAINTIFF ACCURACY IN MEDIA'S MEMORANDUM IN REPLY TO OPPOSITION TO
MOTION TO RECONSIDER THE COURT'S NOVEMBER 30, 2020 ORDER AND JUDGMENT

COMES NOW Plaintiff Accuracy in Media, Inc., by counsel, under Rules 59(e) and 60 (a), (b)(1) and (b)(6) of the Federal Rules of Civil Procedure,[1] and respectfully submits this memorandum in support of the captioned relief.

Defendant avers that "AIM's motion for reconsideration is an attempt to re-litigate issues the Court previously addressed, and as such, must be denied." Defendant's Opposition to Plaintiff's Motion to Reconsider the Court's November 30, 2020 Order and Judgment, ECF No. 369, at 6 ("*Opposition*."). This is incorrect. Plaintiffs seek a *Vaughn* index regarding the CIA's search of its operational records. Plaintiffs did not, and could not, have raised this issue before defendant conducted the search.

The CIA notes that the Court had not ordered it to submit a *Vaughn* index. Yes. That is the reason that plaintiffs seek relief.

---

[1]     Plaintiffs rely on FRCP Rule 60, *Relief from a Judgment or Order*, as well as Rule 59(e), *New Trial; Altering or Amending a Judgment*, setting 28-day deadline to file motion.

According to defendant, "[t]he Court subsequently found that search adequate. (ECF No. 353)." *Opposition* at 5.  But the Court could not have found that the search had been "adequate," absent any information regarding the search.  The Court held:

> The defendant Agency has reported (ECF No. 352) on October 30, 2020, that it has completed its search of operational files as ordered by this Court and that it has located no responsive records in this Freedom of Information Act case.  After sixteen years, the Court is now willing to grant the government's motion for summary judgment and order this case dismissed with prejudice.

Defendant observes that plaintiff "does not refer to any specific grounds under Rule 60(b)," and posits that plaintiffs had failed to meet their burden for relief under that rule. *Opposition* at 1, 4-5, 7.  Rule 60(a) of the Federal Rules of Civil Procedure, *Relief from a Judgment or Order*, relates that the court may correct "a mistake arising from oversight or omission," as does Rule 60(b)(1); using the word, "mistake."  Rule 60(b)(2) states that the Court may amend its order for "any other reason that justifies relief."[2]  Here, plaintiffs seek information from which the Court may find that the search had been adequate, or

---

[2] FRCP Rule 60, *Relief from a Judgment or Order*, states in part:
  (a) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS. The court may correct a clerical mistake or *a mistake arising from oversight or omission* whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.
  (b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
  (1)   *mistake*, inadvertence, surprise, or excusable neglect;
  \*     \*     \*
  (6)   *any other reason that justifies relief.*

(Emphasis supplied)

inadequate. Plaintiffs assert "a meritorious claim or defense to the motion upon which the district court dismissed the complaint." *Schotz* v*. Dep't of Justice*, 216 F. Supp. 3d 30, 31 (D.D.C. 2016).

The CIA posits that its motive for withholding, as well as its history of over-classification, are irrelevant at this juncture, as plaintiffs had already raised these matters. But these issues are relevant in light of the CIA's most recent assertion. *See* Plaintiff's Motion to Reconsider, ECF No. 364 at 3-4:

> The existence of much that has not been disclosed is amply proven by the record in this case. The CIA provided 1,400 first-hand live-sighting reports to the Select Committee (note 4 *infra*), but it claims it cannot locate them. Its possession of imagery is well-documented (note 8 *infra*), but it cannot find a single image. It claimed to have located no records of any of the dozen or more reconnaissance or rescue operations, or of the two-tier prison system, or its use of mercenaries, or its collaboration with other agencies, or offers to sell POWs back to America. Notes 6-13 *infra*.
>
> Did it search its records of its collaborations with the Defense Intelligence Agency, or Military Assistance Command Vietnam-Special Operations Group (MACVSOG), or the National Security Council, or the State Department (note 12 *infra*)? And the CIA has yet to provide any description of the organization of its POW/MIA records.
>
> The CIA ran the war in Laos. "[I]n both Bangkok and Vientiane all live sighting reports that came into the embassy went directly to the CIA Station Chief." *LeBoutillier Aff.*, ECF 83-13 ¶12. Defendant has twice committed to addressing the issue of live-sighting reports in its *Vaughn* index, but has failed to submit any *Vaughn* index at all.

(Endnotes omitted.)

"The CIA's robust intelligence-gathering on POWs did not cease in 1973 with establishment of the government policy—'all our boys are on the way home.' Defendant now claims that its search of its operational records reveals that it has obtained no intelligence whatsoever on the 678 Americans since 1992, 28 years ago." *Id*. at 4.

3

*See also id.* at 6-7, Conclusion:

In 1992, during the testimony of government officials before the Senate Select Committee on POW/MIA Affairs, Vice Chairman Bob Smith quoted a government official as having testified "there is no evidence to suggest that any U.S. personnel were not released from captivity."  Senator Smith continued:

> Now that's just, I mean, I just don't understand people in responsible positions coming up here to the Hill and saying that, that kind of thing, and I, I don't want to dispute it because I've been through that for eight years with you people, I don't have the desire to dispute it, as I said in my opening statement the facts speak for themselves, the evidence speak for themselves, for itself, and it's time for you people to come up here to accept that evidence *and begin to move to the next step, which is to find out what happened to these people and where they are.* That's what we gotta start doing.  So why don't you just admit that you've got the evidence.

(Emphasis supplied.)

Senator Smith was not entirely successful in obtaining the information on these abandoned Americans.  So too with plaintiffs.  The CIA's motives for withholding this information, as well as its 40-year history of having done so, is more relevant now than ever.

WHEREFORE, plaintiff Accuracy in Media, Inc., respectfully asks that the Court reconsider its November 30, 2020, Order and Judgment, and order Defendant CIA to submit declarations regarding its search of operational records.

The arguments advanced are sufficient for the Court to grant relief to all plaintiffs, and plaintiffs Roger Hall and Studies Solutions Results, Inc., join AIM's arguments. Additionally, plaintiff Hall believes that newly discovered evidence, as well as recent legal developments, support the case for reconsideration, and Hall may seek leave to bring these matters to the attention of the Court when he has time to do so.

Date:  June 21, 2021.

Respectfully submitted,

     /s/ John H. Clarke
John H. Clarke # 388599
1629 K Street, NW
Suite 300
Washington, DC 20006
(202) 344-0776
Fax: (202) 332-3030
john@johnhhclarkelaw.com

*Counsel for Plaintiff*
*Accuracy in Media, Inc.*